UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MIRANDA P. EDMONDSON, <br> JOSHUA A. EDMONDSON, <br><br> Plaintiffs, <br><br> v. <br><br> GERMAN AMERICAN BANK, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:22-cv-01745-JPH-KMB <br> ) <br> ) <br> ) <br> ) |

**ORDER GRANTING LEAVE TO AMEND**

Plaintiffs, Miranda and Joshua Edmondson, brought this action on September 2, 2022, raising several state-law claims against German American Bank. Dkt. 1. In November 2022, German American Bank responded to the Complaint by filing a motion to dismiss or to compel arbitration under Federal Rule of Civil Procedure 12(b)(3). Dkt. 17. The next month—after the time to amend "as a matter of course" had expired, Fed. R. Civ. P. 15(a)(1)—the Edmondsons filed a motion for leave to file an Amended Complaint and "shorten[ ] the period for which Plaintiffs allege German American is liable" for allegedly unlawful fee practices. Dkt. 29 at 4. German American Bank opposes the motion for leave to amend, arguing that it is futile because the Edmondsons' claims remain "subject to mandatory arbitration." Dkt. 31 at 1.

Under Federal Rule of Civil Procedure 15(a)(2), the "court should freely give leave [to amend] when justice so requires." *See Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015). A plaintiff should therefore "be given every opportunity to cure a formal defect in his pleading . . .

1

even [if] the court doubts that plaintiff will be able to overcome the defects." *Id.* If "it is clear that the defect cannot be corrected so that amendment is futile, it might do no harm to deny leave to amend." *Id.* But "[s]uch cases of clear futility at the outset of a case are rare" and "[a]mendment should be refused only if it appears to a certainty that plaintiff cannot state a claim." *Id.*

German American Bank's motion to dismiss the original Complaint and its opposition to the Amended Complaint based on futility would each have to be reviewed under Federal Rule of Civil Procedure 12(b)(3). *See Nowlin v. Prtizker*, 34 F.4th 629, 635 (7th Cir. 2022). Allowing parallel briefing on those issues "in piecemeal fashion" would thus "force the court" to essentially resolve two "motions to dismiss instead of one." *O'Boyle v. Real Time Resolutions*, 910 F.3d 338, 348 (7th Cir. 2018). Granting leave to amend, by contrast, would clarify the timing of the allegedly unlawful fees and the relevant arbitration provisions, including any potentially retroactive application of those provisions. *See* dkt. 31 at 9. The Edmondsons also promptly sought leave to amend in response to the motion to dismiss, instead of risking a finding of "undue delay and unfair prejudice" by waiting for a ruling on the motion to dismiss. *O'Boyle*, 910 F.3d at 348; *see Fosnight v. Jones*, 41 F.4th 916, 924–25 (7th Cir. 2022). For these reasons, "applying the liberal standard for amending pleadings, especially in the early stages of a lawsuit, is the best way to ensure" that this case "will be decided justly." *Runnion*, 786 F.3d at 520; *see Saint Anthony Hosp. v. Eagleson*, 40 F.4th 492, 517–18 (7th Cir. 2022).

The Edmondsons' motion for leave to amend is therefore **GRANTED** under Federal Rule of Civil Procedure 15(a)(2). Dkt. [29]. The **Edmondsons must file** their Amended Complaint, dkt. 29-1, **by February 3, 2023**. Because German American Bank's motion to dismiss addressed the original Complaint, it is **DENIED without prejudice as moot**. Dkt. [17].

**SO ORDERED.**

Date: 1/18/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel.