UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MIRANDA P. EDMONDSON, <br> JOSHUA A. EDMONDSON, <br>        Plaintiffs, <br>        v. <br> GERMAN AMERICAN BANK, <br>        Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:22-cv-01745-JPH-KMB <br> ) <br> ) <br> ) <br> ) |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Miranda and Joshua Edmondson brought this putative class action alleging that German American Bank (GAB) breached its customer contracts, acted in bad faith, and violated the Indiana Deceptive Consumer Sales Act by charging certain overdraft fees to its customers. GAB argues that the Edmondsons are bound by arbitration provisions included in two relevant contracts, so it has moved to dismiss or stay the case in favor of arbitration. Dkt. 42. The Edmondsons maintain that they never accepted the terms of those contracts and are therefore not required to arbitrate their claims.

Specifically, the Edmondsons rely on Indiana Court of Appeals decision in *Land v. IU Credit Union*, 201 N.E.3d 246 (Ind. Ct. App. 2022), as the basis for their argument that their silent inaction cannot serve as acceptance of the contracts that contained the arbitration provisions. *See* dkts. 46 at 1–2; dkt. 51 at 10. In *Land*, the Court of Appeals held that a bank customer had not accepted an arbitration provision because "it is not enough for the offeror to inform the offeree that silence will equal acceptance of the offer." 201 N.E.3d

1

at 252. Instead, "[i]t must also be shown that the offeror, in remaining silent, intended to accept the offer." *Id.* GAB argues that *Land* doesn't support the Edmondsons' position because it is factually distinguishable from this case. Dkt. 50 at 11–14.

Federal courts routinely engage in the type of analysis required to resolve disputes like this one—"[w]hen faced with unresolved issues of state law, [a federal court] must predict how the relevant highest state court would rule." *Thirteen Investment Co., Inc. v. Foremost Ins. Co. Grand Rapids MI*, 67 F.4th 389, 393 (7th Cir. 2023). This is typically achieved by "taking into account trends in a state's intermediate appellate decisions." *Id.* But several factors make that task difficult here.

First, the Indiana Supreme Court has granted transfer on *Land*, *see Land v. IU Credit Union*, 209 N.E.3d 1168 (Ind. May 3, 2023) (granting transfer), which means that it cannot serve as precedent for the Court's decision here, *see* Ind. R. App. P. 58(A) ("If transfer is granted, the opinion . . . of the Court of Appeals shall be automatically vacated."). Second, on the same day *Land* was decided, another panel of the Indiana Court of Appeals came to an opposite conclusion in *Neal v. Purdue Federal Credit Union*, 201 N.E.3d 253, 262–64 (Ind. Ct. App. 2022) (holding that bank customer accepted arbitration provision by remaining silent and failing to opt out within the window provided by the bank). Thus, no clear trend exists in Indiana's "intermediate appellate decisions." *Thirteen Investment*, 67 F.4th at 393.

Moreover, the issue considered in *Land* and *Neal* will likely be critical to the outcome of this case.  Like in those cases, a central issue presented here is whether the Edmondsons are bound by an arbitration provision through silent inaction.  Because that question is currently pending before the Indiana Supreme Court in *Land*, the Court defers ruling on this issue until that Court has made its own conclusions.  Therefore, the motion to dismiss is **DENIED** without prejudice.  Dkt. [42].  This case is **stayed** pending the Indiana Supreme Court's resolution of *Land v. IU Credit Union*, 201 N.E.3d 246 (Ind. Ct. App. 2022), *vacated by Land v. IU Credit Union*, 209 N.E.3d 1168 (Ind. May 3, 2023) (granting transfer).

The parties are instructed to contact the Magistrate Judge following the resolution of *Land* to discuss case status.  The motion for leave to file a surreply is **DENIED as moot**.  Dkt. [52].

**SO ORDERED.**

Date: 8/17/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

3